TERRITORY *v.* THERESA O. K. W. BELLIVEAU, ROBERT W. WILCOX AND Y. AHIN.

No. 977.

MOTION TO DISMISS.

ARGUED DECEMBER 5, 1916.                    DECIDED DECEMBER 12, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*criminal procedure—writ of error by Territory.*

A writ of error at the instance of the Territory, under R. L. 1915, Sec. 2520, will not lie in a case where a demurrer to an indictment was sustained on the ground that the indictment was defective merely upon principles of criminal pleading.

SAME—*statute upon which indictment founded.*

Statutes relating to the form and sufficiency of indictments are not statutes "upon which the indictment is founded" within the meaning of R. L. 1915, Sec. 2520.

OPINION OF THE COURT BY ROBERTSON, C. J.

There was an indictment charging the defendants with having committed the offense of conspiracy in the first degree, to which the defendants interposed a demurrer. The circuit court sustained the demurrer, whereupon the Territory obtained a writ of error under Sec. 2520, R. L. 1915. The defendants have filed a motion to dismiss the writ on the ground that this court is without jurisdiction in the matter since the decision of the circuit court involved only the application of the rules of criminal pleading and was not based upon the invalidity or construction of the statute upon which the indictment was founded within the meaning of section 2520.

It was alleged in the indictment that the defendants "did unlawfully, maliciously, fraudulently, knowingly and feloniously combine, mutually undertake and conspire to-

gether to do what is and was obviously and directly wrongfully injurious to another, to wit, knowingly, fraudulently, deceitfully and with intent to defraud by false and fraudulent pretenses to obtain the signature of one Solomon K. Kauai to a certain written instrument, to wit, a deed of certain rights, title and interest of the said Solomon K. Kauai in and to certain lands, tenements, hereditaments and fishing rights, situate, lying and being in the city and county of Honolulu, Territory of Hawaii, and in and to lands and waters situate in, adjacent to and within the jurisdiction of said city and county of Honolulu, Territory of Hawaii, the false making of which said written instrument would be punishable as forgery, the said rights, title and interest of the said Solomon K. Kauai, in and to the said lands, tenements and hereditaments and rights, being of the value and worth of more than the sum of Two Hundred Dollars ($200.00), and did then and there and thereby commit the crime of conspiracy in the first degree, contrary to the form of the statute in such case made and provided."

Conspiracy is defined as "a malicious or fraudulent combination or mutual undertaking or concerting together of two or more, to commit any offense or instigate any one thereto, or charge any one therewith; or to do what plainly and directly tends to excite or occasion offense, or what is obviously and directly wrongfully injurious to another." R. L. 1915, Sec. 4076. A conspiracy to forge, counterfeit or cheat to an amount exceeding one hundred dollars is in the first degree. R. L. 1915, Sec. 4084. Section 3989 provides that "Whoever shall, by any false pretense, and with intent to defraud, obtain the signature of any person to any written instrument, the false making whereof would be punishable as forgery, is guilty of gross cheat." The indictment purported to charge conspiracy to commit gross cheat.

The demurrer was based on the grounds that (1) the indictment does not state facts sufficient to constitute the

crime of conspiracy in the first degree, or any other offense, and (2) the indictment is ambiguous and uncertain in that it does not allege with sufficient legal precision that Solomon K. Kauai was the owner of the lands mentioned in the indictment, and that the lands are not described or identified. The court below held that the party whom the defendants conspired to injure and defraud should have been named in the indictment, also that the pretenses used and their false and fraudulent character should have been set forth, and sustained the demurrer evidently on the first ground though the opinion does not expressly so state. The question is a rather close one whether the ruling was the mere application of general principles of criminal pleading, or whether it involved statutory construction.

Section 2520, which was taken from the federal criminal appeals act of March 2, 1907, provides, *inter alia,* that the prosecution may have a writ of error to review a decision or judgment sustaining a demurrer to an indictment "where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment is founded." The "statute upon which the indictment is founded," in this case, includes section 3989, relating to gross cheat, as well as sections 4076 and 4084, relating to conspiracy in the first degree. See *United States* v. *Keitel,* 211 U. S. 370. Where a demurrer has been sustained on the ground that the indictment was defective merely upon general principles of pleading a writ of error will not lie. *United States* v. *Stevenson,* 215 U. S. 190, 195; *United States* v. *Carter,* 231 U. S. 492. Such is the case also where the ruling amounted only to an interpretation of the indictment. *United States* v. *Winslow,* 227 U. S. 202, 217; *United States* v.*Pacific & Arctic Co.,* 228 U. S. 87, 108. If it cannot be ascertained from the record what the ground of the ruling was the writ will be dismissed. *United States* v. *Moist,* 231 U. S. 701. But it has been held by the supreme court in

several cases that where the decision was that the acts charged in the indictment did not constitute a violation of the statute upon which the indictment was founded the ruling necessarily involved the construction of the statute. *United States* v. *Patten,* 226 U. S. 525, 535; *United States* v. *Birdsall,* 233 U. S. 223, 230; *United States* v. *Nixon,* 235 U. S. 231, 236.

We think that this case falls within the category of cases decided upon the general principles of criminal pleading, and not upon statutory construction. The ruling of the court was, in substance, that the indictment did not show a conspiracy in violation of the statutes; the reasoning of the judge, as disclosed by his opinion, however, proceeded upon the idea, not that the facts sought to be alleged would not constitute the offense, but that they were not set forth with the particularity and definiteness required by the general rules of pleading.

On behalf of the Territory it is contended that the ruling of the trial court was clearly wrong in view of certain of the provisions of Act 215 of the Session Laws of 1915, and of section 3795 of the Revised Laws, relating to the sufficiency in form of indictments; that those provisions, whether called to the court's attention or not, must be held to have been misconstrued, or held invalid; and that this writ may be maintained on that ground. We are unable to take that view. We are of the opinion that the remedial statutes referred to, which were designed to change the common law rules governing criminal pleading, are not statutes "upon which the indictment is founded" within the meaning of section 2520. We do not believe it was the purpose of the last mentioned enactment to give the government a right of review in cases of alleged error in the application of the rules of pleading even though they be contained in statutory enactments. The question whether there was error in that respect is not before us. Ordinarily an objec-

tion to the form of an indictment can be met in a new indictment. But such is not the case where an indictment free from technical defects has been set aside because of the misconstruction or supposed invalidity of the substantive statute upon which it was based. It was under the latter situation that the legislature intended to provide for a review at the instance of the government.

The writ is dismissed.

*J. T. DeBolt* for the motion.

*W. T. Carden,* Second Deputy City and County Attorney, contra.