## TAYLOR v. UNITED STATES.*

(Circuit Court of Appeals, Seventh Circuit. September 19, 1924. Rehearing Denied November 6, 1924.)

No. 3314.

1. Conspiracy ⊗⊶28—Violation of injunction of a federal court is an "offense against the United States."

A conspiracy to violate an injunction issued by a court of the United States is one to commit an "offense against the United States," within the meaning of Criminal Code, § 37 (Comp. St. § 10201), in view of section 135 (Comp. St. § 10305).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Offense against the United States.]

2. Indictment and information ⊗⊶108—Reference to wrong statute does not invalidate indictment.

The sufficiency of an indictment is determined by the facts alleged, and if they set forth an offense against the United States the indictment is not invalid because it purports to be drawn under an inapplicable section of the Criminal Code.

3. Criminal law ⊗⊶1167(2)—Where the sentence is within a good count of indictment, invalidity of other counts is not ground for reversal.

Where the sentence is within that which may be imposed on a good count of the indictment, invalidity of other counts is not ground for reversal.

4. Conspiracy ⊗⊶43(1)—Not necessary for indictment to particularly describe objective crime.

It is not necessary, in an indictment for conspiracy to commit an offense, to define the substantive crime with the particularity which would be required in an indictment for that crime.

5. Conspiracy ⊗⊶43(4)—Sufficiency of indictment.

In an indictment for conspiracy to unlawfully "knowingly and willfully obstruct and retard the passage of certain United States railway post office cars," in violation of Penal Code, § 201 (Comp. St. § 10371), it is not necessary to specifically allege an unlawful criminal intent, or to specifically allege that the trains obstructed, to the knowledge of defendants, carried mail.

6. Indictment and information ⊗⊶125(5½)—Indictment may charge conspiracy to commit different offenses.

An indictment for conspiracy is not duplicitous because it charges a conspiracy to commit two offenses.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

*Certiorari denied 45 S. Ct. 226, 69 L. Ed. ——.

Criminal prosecution by the United States against L. R. Taylor, alias Bode Taylor, Jacob Sink, alias Jake Sink, and Patrick J. Hanahan, alias Pat Hanahan. Judgment of conviction, and defendants bring error. Affirmed.

Plaintiffs in error and others were charged with a conspiracy (a) to violate a certain injunctional order issued by the United States District Court and then in force; (b) to obstruct and impede the court in the due administration of justice; (c) to violate section 201 of the Penal Code, being Comp. St. § 10371 (obstructing the transportation of United States mail).

On the trial of the action it appeared that during the railroad shopmen's strike in July, 1922, an injunction was issued by the United States District Court for the Southern District of Illinois, enjoining various individuals and members of a certain labor organization from hindering or obstructing the operation of the Chicago & Alton Railroad Company, and from destroying said railroad company's property, and from obstructing the operations of the trains, cars and engines of the Chicago & Alton Railroad Company engaged in moving United States mail, etc. Thereafter, while this injunctional order was in effect, certain of the defendants dynamited and destroyed a railroad bridge near Greig, Greene county, Ill., and thereby prevented its use by locomotive engines, freight cars, or passenger cars, and at or about the same time these parties damaged and destroyed another bridge owned and operated by the Chicago & Alton Railroad Company, known as the Drake railroad bridge, thereby also obstructing the movement of trains and interfering with the mail service.

Upon the trial two of the defendants were acquitted, while the others, plaintiffs in error here, were found guilty on all five counts of the indictment and duly sentenced.

Thomas Stevenson, of Cleveland, Ohio, for plaintiffs in error.

Wm. B. Schroder, of Rock Island, Ill., for the United States.

Before ALSCHULER, EVAN A. EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). [1] The indictment is attacked because (a) indefinite and uncertain; and (b) of its failure under any construction of the language to charge defendants with the commission of an offense. Its asserted insufficiency in the latter respect

(so far as the first four counts of the indictment are concerned) would present a more serious question, were it not for certain decisions, which, strangely enough, escaped the attention of counsel for both sides when they were investigating this very important and equally interesting question.

These four counts charged, or at least attempted to charge, defendants with the violation of the conspiracy statute (section 37 of the Criminal Code [Comp. St. § 10201]). This section provides: "If two or more persons conspire either *to commit any offense against the United States,* or to defraud the United States in any manner or for any purpose," etc.

Plaintiffs in error assert that each of the first four counts of the indictment fail to charge defendants with conspiring "to commit any offense against the United States." In other words, for the purpose of the argument, defendants admit that they may have entered into an agreement or conspiracy to commit certain acts, but deny the object of the conspiracy, as set forth in these counts, constitutes "an offense against the United States." This issue presents the real and sharply controverted legal question in this as well as in the District Court.

The District Judge, upon a motion in arrest of judgment, filed an opinion wherein he stated: "The question raised by this motion is whether or not the violation of an injunction issued by a court of the United States is an offense against the United States. This question must be answered in the affirmative." Moreover, in charging the jury, the court said: "It is also the law that it is an offense against the United States for one to violate an injunction issued by a court of the United States."

The briefs of counsel are largely devoted to discussing the question under the caption, "Is a criminal contempt an offense against the United States"? Contending that criminal statutes must be strictly construed (United States v. Gradwell, 243 U. S. 476, 37 S. Ct. 407, 61 L. Ed. 857), and that there are no crimes against the United States except those defined by statute, counsel for plaintiffs in error insist that a criminal contempt is not a crime against the United States, and therefore not "an offense against the United States," within the meaning of this criminal statute.

The answer to this argument is found in the opinions in United States v. Hutto, 256 U. S. 524, 41 S. Ct. 541, 65 L. Ed. 1073, and Biskind v. United States (C. C. A.) 281 F. 47, 28 A. L. R. 1377. In United States v. Hutto, the court, in discussing this question, says:

"Nor can we sustain the other ground upon which it is contended the demurrers were well taken. Section 37, Criminal Code, is violated by a conspiracy 'to commit any offense against the United States' accompanied or followed by an overt act done to effect the object of the conspiracy. It does not in terms require that the contemplated offense shall of itself be a criminal offense; nor does the nature of the subject-matter require this construction. A combination of two or more persons by concerted action to accomplish a purpose either criminal or otherwise unlawful comes within the accepted definition of conspiracy. Pettibone v. United States, 148 U. S. 197, 203. The distinction between a conspiracy and the contemplated offense that forms its object has often been pointed out. United States v. Rabinowich, 238 U. S. 78, 85, 86, and cases cited. And we deem it clear that a conspiracy to commit any offense which by act of Congress is prohibited in the interest of the public policy of the United States, although not of itself made punishable by criminal prosecution but only by suit for penalty, is a conspiracy to commit an 'offense against the United States' within the meaning of section 37, Criminal Code, and, provided there be the necessary overt act or acts, is punishable under the terms of that section."

Applying this language of the Supreme Court, the court in Biskind v. United States, supra, said:

"True, section 268 is contained in the Judicial Code, and not in the Criminal Code. But the lack of specific provision for criminal prosecution therefor is not important here, where the prosecution is for conspiracy, not for the contempt; for 'a conspiracy to commit any offense which by act of Congress is prohibited in the interest of the public policy of the United States, although not of itself made punishable by criminal prosecution * * * is a conspiracy to commit an "offense against the United States" within the meaning of section 37' of the Criminal Code. United States v. Hutto, 256 U. S. 524, 528, 529. * * * Whether or not a contempt of the authority of a federal court in a civil case would be subject to criminal prosecution, there is no room for doubt that a conspiracy, such as here shown, to effect a contemptuous disobedience or resistance to the lawful process of a federal court in a criminal cause, is a conspiracy to commit an offense against the United States."

It is hardly necessary to consider the urge that a violation of the injunctional order does not constitute an obstruction or an impediment to the due administration of justice, as that term is used in section 135 of the Criminal Code (Comp. St. § 10305). The case of Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419, was one wherein the defendants were charged with a conspiracy to obstruct justice by violating an injunctional order. The following, taken from the opinion, disposes of the question:

"The obstruction of the due administration of justice in any court of the United States, corruptly or by threats of force, is indeed made criminal, but such obstruction can only arise when justice is being administered. Unless that fact exists, the statutory offense cannot be committed; and while, with knowledge or notice of that fact, the intent to offend accompanies obstructive action, without such knowledge or notice the evil intent is lacking. *It is enough if the thing is done which the statute forbids,* provided the situation invokes the protection of the law, and the accused is chargeable with knowledge or notice of the situation; but not otherwise."

True, in that case the indictment was held insufficient because it failed to charge defendants with notice of the existence of the injunctional order; but its consideration by the court was upon the theory that, if the indictment contained the proper averments, a cause of action was set forth.

Plaintiffs in error further charge that the indictment is bad, because each count is "so vague, indefinite, uncertain, and ambiguous that plaintiffs in error are not apprised thereby of the offense with which they stand charged." Had the criticism been that the counts were inartistically drawn and the pleader had been guilty of verbosity, we might agree; but such weaknesses do not render indictments demurrable.

[2] Neither does the reference to the wrong section of the Criminal Code as being the one under which the indictment is brought, affect, much less defeat the indictment. Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509; United States v. Nixon, 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207; Biskind v. United States (C. C. A.) 281 F. 47, 28 A. L. R. 1377. The indictment is a pleading. Its sufficiency must be determined by the facts therein set forth. For the pleader to insert his conclusion that such facts are in violation of section 135 of the Criminal Code or of section 1014 of the Revised Statutes of the United States (Comp. St. § 1674) neither adds to nor detracts from the allegations which alone must measure the sufficiency of such pleading. The indictment, in the instant case, we think, fully informs defendants of the offense with which they are charged and in greater detail than is usually given where a violation of section 37 of the Criminal Code is charged.

[3] It is not necessary to consider the fifth count of the indictment, which charged a conspiracy to violate section 201 of the Penal Code (obstructing and retarding the movement and passage of certain cars carrying mail), for the sentence pronounced can be sustained if there be one good count in the indictment to support it. We may say in passing that it is not subject to the same criticisms as are leveled at the first four counts of the indictment. The indictment is, however, criticized because "there is no allegation that the defendants knew that the alleged cars were carrying the mails, nor any allegation that they conspired to knowingly and willfully obstruct and retard the mails."

[4] It is not necessary for the pleader in a conspiracy count to define the substantive crime—the object of the conspiracy—with the same particularity as would have been necessitated if the substantive crime, rather than the conspiracy was the offense charged. Jelke v. United States, 255 F. 264, 166 C. C. A. 434. Applying this rule to the criticism above mentioned, and examining the indictment, we find the defendants "then and there unlawfully, knowingly, willfully, and feloniously did conspire, combine, confederate, and agree together * * * to commit an offense against the United States, for the purpose of unlawfully, knowingly, and willfully obstructing and retarding the movement and passage of certain United States railway post office cars then and there carrying the mail of the United States, in violation of section 201 of the Penal Code of the United States, by then and there unlawfully and maliciously placing upon and around the cross-ties, railway girders, and abutments of two certain railroad bridges dynamite caps and dynamite fuses, both located on the right of way of the said Chicago & Alton Railroad Company, and both of which said bridges were then and there owned and used by the said Chicago & Alton Railroad company. * * *"

[5] Where the conspiracy is "for the purpose of unlawfully, knowingly and willfully obstructing or retarding the move-

ment and passage of certain United States railway post office cars," it is unnecessary to specifically allege an unlawful criminal intent (Frohwerk v. United States, 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561), or to specifically allege that the Chicago & Alton trains to the knowledge of plaintiffs in error carried mail.

[6] The criticism that the indictment is duplicitous, because it charges defendants with a conspiracy to commit two offenses, is answered by the decisions in United States v. Rabinowich, 238 U. S. 78, 86, 35 S. Ct. 682, 59 L. Ed. 1211 and Frohwerk v. United States, 249 U. S. 204, 209, 210, 39 S. Ct. 249, 63 L. Ed. 561. It was for a conspiracy, and not for the substantive offense, that plaintiffs in error were being tried, and this distinction must at all times be kept in mind in analyzing the indictment.

It is finally insisted that the evidence was insufficient to sustain a conviction. It would serve no useful purpose to quote extensively from the voluminous record. The evidence unquestionably connects plaintiffs in error with others in a combination or conspiracy to destroy the bridges. They insist, however, that what they did, or rather what was intended to be done, as charged, was with no intent to obstruct justice, or to interfere with the transportation of mail. Assuming intent was a necessary ingredient to the offense here under consideration, because of certain facts not free from controversy, we think the District Judge correctly left that matter to the jury for its determination. It was for the jury to weigh the acts of the defendants against their *professed innocent intentions.*

The judgment is affirmed.