## THE ALBANIA.

District Court, S. D. New York. December 26, 1928.

Francis G. Caffey, U. S. Atty., of New York City (Jacob Meirowitz, of New York City, of counsel), for libelant.

Lord, Day & Lord, of New York City (Allan B. A. Bradley, of New York City, of counsel), for respondent.

THACHER, District Judge. Upon the trial the facts were stipulated, and it was further agreed that the court should determine whether this case is governed by sections 1 and 4 of the Act of June 29, 1888, c. 496 (25 Stat. 209, 33 USCA §§ 441, 450),

728

entitled "An act to prevent obstructive and injurious deposits within the harbor and adjacent waters of New York City, by dumping or otherwise, and to punish and prevent such offenses," or by sections 13 and 16 of the River and Harbor Act of March 3, 1899, c. 425 (30 Stat. 1152, 1153, 33 USCA §§ 407, 412).

The minimum penalties provided are $250 by the former statute and $500 by the latter.

Section 1 of the act of 1888 prohibits "the placing, discharging, or depositing, by any process or in any manner, of refuse, dirt, ashes, cinders, mud, sand, dredgings, sludge, acid, or any other matter of any kind, other than that flowing from the streets, sewers, and passing therefrom in a liquid state, in the tidal waters of the harbor of New York. * * *" The oil discharged from the pump and the tray was "refuse," within the ordinary meaning of that term, and also within the meaning of the clause "any other matter of any kind," even if such general terms must be limited to matter ejusdem generis as the materials specifically designated.

Oil upon the surface of the harbor is quite as dangerous to shipping as the pollution of its waters with acid, and it would defeat the obvious purpose of the statute to so narrowly construe its language as to exclude from its prohibition the discharge of waste fuel oil. The discharge of such oil being within the prohibition of the earlier statute, the later statute, enacted in 1899, can have no application, because section 20 of that act, as amended by the River and Harbor Act of June 13, 1902, c. 1079 (32 Stat. 375 [33 USCA § 418]), expressly provides that nothing contained in sections 9 to 20, inclusive, of the River and Harbor Act of March 3, 1899, "shall be construed as repealing, modifying, or in any manner affecting the provisions of" the Act of Congress approved June 29, 1888.

Thus the earlier enactment, applicable to the harbor of New York, its adjacent and tributary waters, and those of Long Island Sound, within limits prescribed by the supervisor of the harbor, was unaffected by the later statute, having general application to the navigable waters of the United States. Since the offense here in question was committed in the harbor of New York, and is within the prohibition of the Act of June 29, 1888, sections 13 and 16 of the Act of March 3, 1899, can have no application.

Section 4 of the Act of June 29, 1888, provides: "Any boat or vessel used or employed in violating any provision of this Act, shall be liable to the pecuniary penalties imposed thereby, and may be proceeded against, summarily by way of libel in any District Court of the United States, having jurisdiction thereof."

It is contended that the facts here stipulated disclose that the vessel which has been libeled was not "used or employed in violating" any provision of the act. The circumstances were these: A quantity of water leaked into the tray around the fuel unit. The vessel was listing, and there was danger that a film of oil which had formed on top of this water might overflow to the tank tops and thence to the bilges. In order to prevent this, the donkeyman on watch at the time started a pump to drain the tray, forgetting that this pump had shortly before been used for pumping oil, and that under these circumstances it probably contained oil. As a natural consequence of his action it happened that, in the process of draining the tray, oil was discharged into the harbor. What was done was done in the service of the ship. The donkeyman was a member of the ship's company, apparently acting in her behalf in doing what he did with her pumps. She was the instrumentality by means of which the statute was violated, and is therefore liable for the penalty imposed upon "any boat or vessel used or employed in violating" the statute. The Bombay (D. C.) 46 F. 665.

Result is that, under the stipulation of the parties, the minimum penalty of $250, imposed by the Act of June 29, 1888, is recoverable. Enter decree accordingly.