## UNITED STATES v. TYE AH WOO et al.
### No. 26147.

District Court, E. D. New York.
Jan. 3, 1930.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City, for defendant Shields.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (William T. Cowin, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge.

The defendant Harry Shields has filed a demurrer to the indictment. The indictment charges that the defendant Shields, and the defendant Tye Ah Woo, "on or about the 16th day of September, 1929, in the Borough of Brooklyn, County of Kings, City, State and Eastern District of New York and within the jurisdiction of this Court, did unlawfully, wilfully, knowingly and feloniously bring into and land in the United States on a vessel known as the "British Prince," to wit; at Pier 4, in the Borough of Brooklyn, County of Kings, City, State and Eastern District of New York, two certain aliens, named Chiu Ah Foh and Char Ah Kun, knowing that the said aliens were not entitled to be admitted into the United States, said aliens not having been duly admitted by an Immigrant Inspector and not being lawfully entitled to enter and reside within the United States, against the peace and dignity of the United States and contrary to the form of the statute in such case made and provided. (Title 8, United States Code, Section 269.)"

The United States Attorney contends that the indictment charges a crime under section 144 of title 8 of the United States Code (8 USCA § 144), which is as follows: "Any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor, in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed or brought in or attempted to be landed or brought in. (Feb. 5, 1917, c. 29, § 8, 39 Stat. 880.)"

If the indictment sets forth a crime, the reference to an improper section of the United States Code is immaterial and does not affect any substantial right of the defendant. Williams v. U. S., 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509; U. S. v. Nixon, 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207; Harper v. U. S. (C. C. A.) 27 F.(2d) 77; Biskind v. U. S. (C. C. A.) 281 F. 47, 28 A. L. R. 1377.

The indictment follows the language of section 144 of title 8 of the United States Code (8 USCA § 144), and sufficiently sets forth a violation of law under that section. Sotorios Targakis v. U. S. (C. C. A.) 12 F. (2d) 498.

Demurrer overruled.