## HYSLER v. UNITED STATES.
### No. 8118.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1936.

Rehearing Denied Jan. 12, 1937.

Wm. Joe Sears, Jr., and A. Dana Brown, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on two counts of an indictment. The first count charged the unlawful possession of 37 gallons of whisky, contained in one 20-gallon keg, one 10-gallon keg and two 5-gallon bottles, upon which the tax had not been paid and to which containers stamps had not been affixed as required by law, in violation of the Liquor Taxing Act of 1934 (Title 26 U.S.C.A. §§ 1152a to 1152g). The second count charged the unlawful concealment of the same liquor, with intent to defraud the United States of the tax thereon, in violation of Revised Statutes, § 3450 (title 26, § 1441 U.S.C.A.). A general sentence of imprisonment for a year and a day and a fine of $100 was imposed. Error is assigned to the overruling of a motion to quash a search warrant, in the execution of which the liquor was discovered in the residence of defendant, and to suppress the evidence obtained thereby; to the overruling of objections to the admission of the said evidence; and to the denial of a directed verdict. These assignments may be considered together.

The search warrant objected to was issued by a United States Commissioner

on a mimeographed form, which was headed "Internal Revenue Search Warrant (Under Section 3462 Revised Statutes [26 U.S.C.A. § 1502 and note])." It was addressed to "George A. L. Cook, a civil officer of the United States, his agents or deputies or any or either of them" and authorized the search of certain described premises for nontax paid spirits and the seizure of any such liquor found therein. In its concluding paragraph the warrant purports to be issued under title 11 of the Act of Congress, approved June 15, 1917 (Espionage Act, chapter 18, title 18 U.S.C.A. § 611 et seq). It is not contended that the description of the premises to be searched and the property expected to be found therein is insufficient or that the warrant did not issue upon probable cause. It was shown that the warrant was executed personally by Cook, who was an investigator of the Alcohol Taxing Unit.

The contention of appellant is that the search warrant was an internal revenue search warrant, issued under the provisions of Revised Statutes 3462 and not under the provisions of the Espionage Act; that therefore the Commissioner issuing the warrant had no authority to order a seizure of any property discovered; that addressing the warrant to Cook, his agents, or deputies was also a defect, as an investigator of the Alcohol Taxing Unit has no agents or deputies. It is urged that these defects are fatal, rendering the search illegal and the evidence thereby obtained inadmissible against appellant. In the view we take of the case, it is unnecessary to review the authorities cited by appellant in support of these contentions.

The form on which the warrant was issued is loosely drawn. Perhaps designating it an internal revenue search warrant was intended to identify the form, but the reference to that law and also to the Espionage Act tends to be confusing. Furthermore, the direction to Cook, his agents or deputies, might have resulted in the service of the warrant by one not authorized to do so which would nullify the search and seizure. The form is well calculated to encourage the raising of technical questions, of little substance, but requiring consideration by the courts, and is much to be condemned.

 There is no doubt that the Commissioner intended to issue the search warrant under the provisions of the Espionage Act. The designation of Cook as a civil officer of the United States and not as an internal revenue officer, together with the reference to the act in the body of the warrant clearly so indicates. The Commissioner could have issued a warrant under the provisions of either the Espionage Act or Revised Statutes 3462 but, as the Espionage Act furnishes a cumulative remedy we need not discuss the provisions of section 3462. Conyer v. U. S. (C.C.A.) 80 F.(2d) 292. A search warrant is not more important nor to be more critically construed than an indictment. Mention in the warrant of a statute which does not fit the case or unnecessary words, not affecting the rights of the person against whom it is executed, may be rejected as surplusage. Ray v. U. S. (C.C.A.) 10 F. (2d) 359. As authority by analogy see Williams v. U. S., 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; U. S. v. Nixon, 235 U. S. 231, 35 S.Ct. 49, 59 L.Ed. 207. There are many other cases to the same effect. Eliminating the words "Internal Revenue Search Warrant" (under section 3462, Revised Statutes) and the direction of the warrant to the agents or deputies of Cook, the search warrant conforms in every respect to the requirements of the Espionage Act and does not infringe the rights of appellant under the Fourth Amendment. Cook was a civil officer having authority to execute the warrant. Dumbra v. U. S., 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032. Federal Alcohol Administrative Act of August 29, 1935, § 2 (title 27 U.S.C.A. § 202).

It was not error to refuse to quash the search warrant and admit the evidence secured thereunder. The evidence in the record is sufficient to sustain the conviction. Other errors assigned are without merit and require no discussion.

Affirmed.