## THE S. S. NEA HELLIS.

District Court, S. D. New York.
Jan. 2, 1940.

John T. Cahill, Edward J. Ennis and Thomas McCall, all of New York City, for libellant.

Kirlin, Campbell, Hickox, Keating & McGrann, and Harold B. Finn, all of New York City, for respondent.

BONDY, District Judge.

The libel alleges that on September 26, 1939 the steamship "Nea Hellis" was within the coastal navigable waters of the United States, that is, within the Harbor of the City of New York and that there was discharged from the steamship into the coastal navigable waters of the United States a large quantity of oil, in violation of 33 U.S.Code, § 433, 33 U.S.C.A. § 433, and that under section 434 of that title the steamship is liable for the payment of a penalty of not less than $500 nor more than $2500, to be fixed by the Court.

Exceptions to the libel allege that the discharge of oil into the tidal waters of the harbor of New York is not a violation of the "Oil Pollution Act, 1924", 33 U.S.Code, §§ 431–437, 33 U.S.C.A. §§ 431–437.

The claimant contends that the Oil Pollution Act of 1924 does not apply to the discharge of oil by a vessel into the waters of New York harbor but that the New York Harbor Act of 1888, 33 U.S.Code, §§ 441–451, 33 U.S.C.A. §§ 441–451, is exclusively applicable. The Oil Pollution Act provides for a fine of not less than $500 nor more than $2500, the New York Harbor Act for a fine of not less than $250 nor more than $2500. The Oil Pollution Act applies to the discharge of oil only, and extends to the coastal navigable waters of the United States. The New York Harbor Act applies to the discharge of "refuse, dirt, ashes, cinders, mud, sand, dredgings, sludge, acid, or any other matter of any kind" (33 U.S.C.A. § 441) and is limited to the tidal waters of the harbor of New York, its adjacent or tributary waters, and the waters of Long Island Sound. It has been held to apply to the discharge of oil. The Colombo, 2 Cir., 42 F.2d 211; Warner-Quinlan Co. v. United States, 3 Cir., 273 F. 503; The Albania, D.C., 30 F.2d 727.

In The Albania, supra, it was held that a discharge of oil into the New York harbor was governed solely by the provisions of the New York Harbor Act, specifying a minimum fine of $250 and that the subsequently enacted River and Harbor Act of March 3, 1899, 33 U.S.Code, §§ 407, 411 and 412, 33 U.S.C.A. §§ 407, 411 and 412, specifying a minimum fine of $500 was not applicable because the River and Harbor Act, as amended, provided that nothing contained therein "shall be construed as repealing, modifying or in any manner affecting the provisions of" the New York Harbor Act. 33 U.S.Code, § 418, 33 U.S.C.A. § 418.

Section 8 of the Oil Pollution Act, 33 U.S.Code, § 437, 33 U.S.C.A. § 437, provides: "Other statutes for preservation and protection of navigable waters unaffected. Sections 431 to 436, inclusive, of this chapter shall be in addition to the laws existing prior to June 7, 1924, for the preservation and protection of navigable waters and shall not be construed as repealing, modifying, or in any manner affecting the provisions of those laws."

The libellant seeks to distinguish The Albania, supra, on the ground that section 8 of the Oil Pollution Act, unlike the River and Harbor Act, provides that that statute "shall be in addition to the laws existing prior to June 7, 1924", the date of its enactment. The Court believes that this phrase was not intended to qualify the subsequent statement of the same section that the Oil Pollution Act should not be construed as repealing, modifying or affecting earlier laws.

While it would not repeal the New York Harbor Act to allow the government to proceed under the Oil Pollution Act, it can not. be said that such a construction of the second statute would not "in any manner affect" the provisions of the first. The provision for a minimum fine of $250 would certainly be affected, since it would be inapplicable in a proceeding under the Oil Pollution Act.

There is nothing in the report of the Senate Committee upon the Oil Pollution bill indicating that the Committee believed that the New York Harbor Act was inadequate to prevent oil pollution of the New York harbor and adjacent waters. The Committee apparently was actuated solely by the belief that the River and Harbor Act of 1899 was inapplicable to the discharge of oil. Before the enactment of the Oil Pollution Act of 1924, it had been held that the New York Harbor Act prohibited the discharge of oil into the harbor. Warner-Quinlan Co. v. United States, 3 Cir., 273 F. 503, decided June 17, 1921. The Court believes that Congress intended the Oil Pollution Act to be complementary to, and not a substitute for, existing legislation.

The contention of the claimant is strengthened by the principle that "where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is intended to remain in force as an exception to the general." Washington v. Miller, 235 U.S. 422, 428, 35 S.Ct. 119, 122, 59 L.Ed. 295. In this case the New York Harbor Act is obviously a special statute, designed for the protection of the New York harbor and adjacent waters. Under libellant's theory, a discharge of oil into New York harbor may result in a minimum fine of $500 and a discharge of other types of refuse, equally deleterious, in a minimum fine of only $250.

Since the Court, in its discretion, can impose the same maximum penalty under both statutes, the New York Harbor Act can be invoked just as effectively as the Oil Pollution Act to discourage oil pollution of the New York Harbor.

The exceptions to the libel accordingly are sustained.