## THE S. S. NEA HELLIS.
### No. 110.

Circuit Court of Appeals, Second Circuit.
Jan. 13, 1941.

John T. Cahill, U. S. Atty., of New York City (Edward J. Ennis and Thomas McCall, Asst. U. S. Attys., both of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts and Harold B. Finn, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is a libel in rem against the steamship Nea Hellis to collect a penalty for violation of a federal statute. The libel states that it is brought for a breach of the provisions of the Oil Pollution Act of 1924, 33 U.S.C.A. § 433. It alleges that on September 26, 1939, there was discharged and deposited from the said vessel into the coastal waters of the United States, to-wit, within the Harbor of the City of New York, a large quantity of oil; it asks a decree for a penalty of not less than $500 nor more than $2,500. Exceptions were filed on the ground that the facts alleged were insufficient to constitute a cause of action under the said statute. Judge Bondy so held, and sustained the exceptions. The Nea Hellis, D.C., 32 F. Supp. 115. His decision rests on the view that the illegal discharge of oil into the waters of New York Harbor is a violation of the New York Harbor Act of 1888, 33 U.S.C.A. §§ 441-451, rather than of the Oil Pollution Act of 1924, 33 U.S.C.A. §§ 431-437. Thereafter the libel was dismissed with leave to amend, and no amendment being filed within the time limited, a final decree of dismissal was entered. From that decree the United States has appealed.

In dismissing the libel the court below was of the opinion that the Oil Pollution Act did not apply because of the provisions of section 8 of that Act, 33 U.S.C.A. § 437, which read: "This act [Sections 431 to 436, inclusive, of this chapter] shall be in addition to the existing laws for the preservation and protection of navigable waters and shall not be construed as repealing, modifying, or in any manner affecting the provisions of those laws."

It was held below that to apply the 1924 Oil Pollution Act would be to affect the 1888 New York Harbor Act. The two statutes, however, are inconsistent only in respect to the minimum penalty; the 1888 Act providing a minimum of $250, the 1924 Act a minimum of $500, and each having a maximum of $2,500. Only if the trial judge should assume to assess a penalty of less than $500 would the question under which statute he was acting become necessary to decision. Cf. Hammer v. United States, 271 U.S. 620, 625, 46 S.Ct. 603, 70 L.Ed. 1118.

The libel under the 1924 Act, however, is insufficient on another ground. Section 3, 33 U.S.C.A. § 433, declares it to be unlawful, except in certain specified cases, for any person to discharge, or suffer, or permit the discharge of oil into the coastal navigable waters of the United States "from any vessel using oil as fuel for the generation of propulsion power, or any vessel carrying or having oil thereon in excess of that necessary for its lubricating requirements and such as may be required under the laws of the United States and the rules and regulations prescribed thereunder." The penalty for violation of this section may be a fine not exceeding $2,500 nor less than $500, and the penalty may be recovered by a libel in rem against the vessel from which oil was discharged, 33 U.S.C.A. § 434. The libel contains no allegations that the Nea Hellis uses oil for fuel, or carried a cargo of oil or had oil on board in excess of that necessary

for her lubricating requirements and such as may be required by law or the regulations enacted thereunder. It is only the discharge of oil from such vessels that the section forbids. See Hegglund v. United States, 5 Cir., 100 F.2d 68, 69. The libel was therefore insufficient to charge a violation of the 1924 Act. This is not to say that it could not be amended to set out a cause of action under that statute. Amendments are freely permitted under Admiralty Rule 23, 28 U.S.C.A. following § 723; Fyfe v. Pan-Atlantic S. S. Corp. 2 Cir., 114 F.2d 72, 75. For reasons hereafter stated we cannot agree with the District Court's ruling that the 1924 Act does not apply to the waters of New York Harbor.

Although the libel failed under the 1924 Act it does not necessarily follow that the libel itself was subject to dismissal on the failure of the appellant to amend. To the facts alleged in the libel general exceptions were filed. In admiralty an exception serves the function of a demurrer in common law or equity pleading; it should not be sustained if any cause of action is well pleaded in the libel. Dennis v. Slyfield, 6 Cir., 117 F. 474, 479. In criminal indictments the rule is firmly established that an indictment is not bad because it purports to be drawn under the wrong statute. As Mr. Justice Harlan remarked in Williams v. United States, 168 U.S. 382, at page 389, 18 S.Ct. 92, at page 94, 42 L.Ed. 509: "We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."

Numerous cases to the same effect might be cited; it will suffice to refer to United States v. Nixon, 235 U.S. 231, 235, 35 S. Ct. 49, 59 L.Ed. 207; Maresca v. United States, 2 Cir., 277 F. 727, 740. Nor does it matter that the reference to the inapplicable statute is contained in the body of the indictment rather than indorsed in the margin, as in the Williams case. Biskind v. United States, 6 Cir., 281 F. 47, 49, 28 A.L.R. 1377; Capone v. United States, 7 Cir., 51 F.2d 609, 616, 76 A.L.R. 1534, certiorari denied 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566. The purpose of pleading is to inform the adverse party of the issues he will be required to meet. It is necessary to plead the facts but it is not necessary to plead the law applicable to them as the cases cited above demonstrate. Therefore, if the libel alleges facts which entitle the United States under any statute to collect the penalty sued for, it was error to sustain the exceptions and dismiss the libel.

Section 1 of the New York Harbor Act of 1888, 33 U.S.C.A. § 441, forbids the discharging of various kinds of refuse, "or any other matter of any kind" into "the tidal waters of the harbor of New York * * * within the limits which shall be prescribed by the supervisor of the harbor." It does not specifically mention oil, but its general language has been construed by the courts to prohibit pollution of the waters by dumping oil. Warner-Quinlan Co. v. United States, 3 Cir., 273 F. 503; The Colombo, 2 Cir., 42 F.2d 211; The Albania, D.C.S.D.N.Y., 30 F.2d 727; United States v. Carroll Oil Terminals, D.C.E.D.N.Y., 18 F.Supp. 1008. Violation of this section is declared a misdemeanor punishable by a fine of not less than $250 nor more than $2,500, or by imprisonment, or both. By section 4, 33 U.S. C.A. § 450, any vessel used in violating any provision of the act is made liable for the pecuniary penalties imposed thereby and may be proceeded against summarily by way of libel. Therefore it is clear that the libel at bar alleges facts entitling the United States to maintain the libel under this statute, if it be still in force.

It is still in force unless later legislation has repealed it. The Act of March 3, 1899, 33 U.S.C.A. § 407, did not have that effect, for by amendment it was expressly provided that it should not. 32 Stat. 375, 33 U.S.C.A. § 418. See The Albania, supra. The Oil Pollution Act of 1924, 33 U.S.C.A. §§ 431–437, which deals exclusively with oil pollution in the coastal navigable waters of the United States, might well be thought to have superseded in respect to oil earlier laws dealing generally with the subject of the discharge of refuse, except for the provisions of the above-quoted section 8, 33 U.S.C.A. § 437. In support of the argument that this 1888 Act no longer applies the appellant contends that Congress by the 1924 Act intended to enact nationwide legislation on the special subject of oil pollution, leaving unimpaired earlier statutes on the subject of refuse generally. The reasons leading to enactment of the Oil Pollu-

tion Act of 1924 are set forth in a report of a subcommittee of the congressional committee on commerce. Sixty-eighth Congress, 1st Sess. Report No. 66. The report points out that the negligent discharge of refuse oils had become a serious menace to the maritime and fishing industries; that it increased the hazard from fire to piers and buildings on tidewater and depreciated the value of bathing beaches and seashore property; and that there was doubt whether oil pollution fell within the prohibitions of the River and Harbor Act of 1899, 33 U.S.C.A. § 407, which did not expressly refer to oil. The evils of oil pollution having been brought to the attention of the Congress, it passed specific legislation to deal with them, and it guarded, by section 8, against the possibility that its action might be construed as repealing, modifying or affecting earlier statutes dealing generally with the protection of navigable waters; it was to be "in addition" to existing laws. The appellant argues that against this legislative background it cannot reasonably be supposed that the law-makers would consider the dumping of oil in the most important harbor of the country an offense to be punished less severely than a similar pollution of less crowded waters. But this argument loses much of its persuasive force when one notes that the maximum penalty of both statutes is the same, so that it is always possible for the District Court to impose under the New York Harbor Act a penalty equal to the minimum provided in the Oil Pollution Act. In view of section 8 we cannot say that the later act withdrew all regulation of oil discharge into navigable waters from the earlier laws. Our conclusion is that oil pollution of the waters of New York Harbor may still be prosecuted under the Act of 1888.

The precise point does not seem to have been decided in this court heretofore. In The Colombo, 2 Cir., 42 F.2d 211 a libel for violation of the New York Harbor Act was sustained and the minimum penalty of $250 was imposed. This was long after the enactment of the 1924 Act but no question was raised as to the effect of the later Act; hence it cannot be deemed a decision of the point now before us. The case of La Merced, 9 Cir., 84 F.2d 444, 446 tends to support our present conclusion. Consequently it was error to sustain the exceptions and dismiss the libel.

 We may add, although this record does not actually raise the point, that in our opinion, oil dumping in New York Harbor from a vessel of the character described in the 1924 Act may constitute a violation of that act, which by section 8 is expressly declared to be "in addition to the existing laws." The further clause that it "shall not be construed as repealing, modifying, or in any manner affecting the provisions of those laws" is a cautionary admonition in support of, not in contradiction to, the primary declaration that it is additional legislation.

The decree is reversed and the cause remanded for further proceedings.