## WILLIAMS v. UNITED STATES.

### No. 10825.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1945.

Rehearing Denied May 14, 1945.

Dougherty, Chandler & Connor, of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and E. R. Thurman, Asst., U. S. Atty., both of Phoenix, Ariz., for appellees.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

The questions here presented are (1) whether the indictment under which appellant was convicted and sentenced charges an offense against the United States and (2) whether the evidence supports the conviction.

First. The indictment charges that appellant, on or about December 10, 1943, within the District of Arizona and within and upon the Colorado River Indian Reservation, did "wilfully, unlawfully and feloniously ravish and carnally know Geraldine Rose Ameelyenah, she, the said Geraldine Rose Ameelyenah, being then and there a female person and an Indian under the age of eighteen years, and not being then and there the wife of [appellant]."

On the margin of the indictment this endorsement appears: "Violation: 18 U.S.C. 548 (Rape)." The endorsement indicates that the District Attorney who drew the indictment thought he was charging an offense under § 328 of the Criminal Code, 18 U.S.C.A. § 548. This section applies only to offenses committed by Indians. The indictment does not charge that appellant is an Indian.[1] It therefore does not charge an offense under this section. However, as the Supreme Court has said:

"It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The endorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."[2]

The United States does not here contend that the indictment charges an offense under § 328 of the Criminal Code, 18 U.S.C.A. § 548, but contends that it charges an of-

fense under § 2145 of the Revised Statutes, 25 U.S.C.A. § 217, and § 289 of the Criminal Code, 18 U.S.C.A. § 468.

Section 2145 of the Revised Statutes, 25 U.S.C.A. § 217, provides that, with inapplicable exceptions, "the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States * * * shall extend to the Indian country." As used in this section, the term "Indian country" includes Indian reservations.[3]

The general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States are found in chapter 11 (§§ 272–289) of the Criminal Code, 18 U.S.C.A. §§ 451–468. Places within the sole and exclusive jurisdiction of the United States are described in § 272 of the Criminal Code, 18 U.S.C.A. § 451. When committed in such places, certain acts are made penal by §§ 273–288 of the Criminal Code, 18 U.S.C.A. §§ 452–467, but the act charged in the indictment in this case is not one of these. Section 289 of the Criminal Code, 18 U.S.C.A. § 468, provides:

"Whoever, within the territorial limits of any State, * * * but within or upon any of the places now existing or hereafter reserved or acquired, described in [§ 272 of the Criminal Code, 18 U.S.C.A. § 451],[4] shall do * * * any act or thing which is not made penal by any laws of Congress, but which if committed * * * within the jurisdiction of the State * * * in which such place is situated, by the laws thereof in force on February 1, 1940, and remaining in force at the time of the doing * * * of such act or thing, would be penal, shall be deemed guilty of a like offense and be subject to a like punishment."

The indictment in this case charges an act of carnal knowledge (sexual intercourse) accomplished with a female, not the wife of the perpetrator, under the age of eighteen years. It charges that the act was committed within the territorial limits

---

[1] The evidence shows that appellant is a white man.

[2] Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509. See, also United States v. Nixon, 235 U. S. 231, 35 S.Ct. 49, 59 L.Ed. 207.

[3] In re Wilson, 140 U.S. 575, 11 S.Ct. 870, 35 L.Ed. 513; Pickett v. United States, 216 U.S. 456, 30 S.Ct. 265, 54 L.

Ed. 566; Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820, Ann.Cas.1913E, 710; United States v. Ramsey, 271 U.S. 467, 46 S.Ct. 559, 70 L.Ed. 1039.

[4] As shown above, these provisions apply, not only to the places described in § 272 of the Criminal Code, 18 U.S.C.A. § 451, but also to Indian reservations.

of the State of Arizona,[5] but within and upon an Indian reservation, on or about December 10, 1943. The act so charged was not made penal by any laws of Congress. If, however, the act had been committed within the jurisdiction of the State of Arizona, it would have been penal by a law of the State (§ 43-4901 of the Arizona Code) in force on February 1, 1940, and remaining in force on December 10, 1943. Section 43-4901 provides, and did at all pertinent times provide:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances: Where the female is under the age of eighteen (18) years. * * * Rape is punishable by imprisonment in the state prison for life or for any term of years not less than five (5)."

■ Thus the indictment charges an act which, if committeed within the jurisdiction of the State, would have constituted an offense against the State—the offense which § 43-4901 defines as "rape." It therefore charges a like offense against the United States.

Appellant contends that § 289 of the Criminal Code, 18 U.S.C.A. § 468, is inapplicable here and, in support of his contention, cites §§ 278 and 279 of the Criminal Code, 18 U.S.C.A. §§ 457 and 458.

Section 278 of the Criminal Code, 18 U.S.C.A. § 457, provides: "Whoever shall commit the crime of rape shall suffer death." As used in this section, the term "rape" means rape as defined at common law.[6] The indictment in this case does not charge the common-law offense. Instead, it charges a statutory offense like that which § 43-4901 of the Arizona Code defines as rape.

Section 279 of the Criminal Code, 18 U.S.C.A. § 458, provides: "Whoever shall carnally and unlawfully know any female under the age of sixteen years * * * shall, for a first offense, be imprisoned not more than fifteen years, and for a subsequent offense be imprisoned not more than thirty years." This section applies only to acts of unlawful carnal knowledge (sexual intercourse) accomplished with females under the age of sixteen years. The indict-

ment in this case does not charge such an act. Instead, it charges an act of unlawful carnal knowledge accomplished with a female under the age of eighteen years.[7]

We conclude that § 289 of the Criminal Code, 18 U.S.C.A. § 468, is applicable here, and that §§ 278 and 279 of the Criminal Code, 18 U.S.C.A. §§ 457 and 458, are inapplicable.

■ Second. There is evidence to the following effect: Appellant is a white man. Geraldine Rose Ameelyenah is a female Indian. On December 3, 1943, appellant had sexual intercourse with Geraldine Rose Ameelyenah at a place within the District of Arizona and within and upon the Colorado River Indian Reservation. At that time, Geraldine Rose Ameelyenah was over the age of sixteen years, was under the age of eighteen years, and was not appellant's wife. The evidence amply supports the conviction.

Judgment affirmed.

HEALY, Circuit Judge (dissenting).

The act proved here was the having of sexual intercourse with an Indian girl over the age of sixteen, with the girl's consent. By § 279 of the Criminal Code, 18 U.S.C.A. § 458, Congress has undertaken to define and punish the crime commonly termed "statutory rape," that is, the act of having carnal knowledge of a female of tender years. It has fixed at sixteen years the age below which consent to the act may not lawfully be given.

The statute exhibits a congressional policy intended to obtain in all places over which the federal jurisdiction extends, regardless of what the local policy may be—whether less or more stringent. Thus if, as is the case in a number of states, the local statute has fixed the age of consent at a less mature age than sixteen, still, as the government admits, the federal statute governs in those localities within the state where the federal jurisdiction obtains. The converse, I think, is equally true. Accordingly, in my opinion, § 289 of the Criminal Code, 18 U.S.C.A. § 468, is inapplicable. That statute was intended to apply only in the case of those offenses con-

---

[5] The State of Arizona and the District of Arizona have the same territorial limits. 28 U.S.C.A. § 143.

[6] Oliver v. United States, 9 Cir., 230 F. 971.

[7] The evidence shows that Geraldine Rose Ameelyenah was over the age of sixteen and under the age of eighteen years.

cerning which Congress has not itself deemed it politic to legislate.

No crime was charged or proven under the federal statute and I think the judgment of conviction should be reversed.