UNITED STATES v. STERLING SALT CO. et al.

(District Court, W. D. New York. October 30, 1912.)

1. CARRIERS (§ 38*)—INTERSTATE COMMERCE—ILLEGAL RATE—INDICTMENT.

An indictment for fraudulently obtaining from an interstate carrier transportation of a car of coarse salt in sacks at the rate prescribed for coarse salt in bulk set out the typewritten order, which described the article as "coarse salt, weight 63,000 pounds," and specified the rate as 10 cents. Held that, though the indictment did not state specifically

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

200 F.—38

that the tariff rate for coarse salt in bulk was 10 cents per hundred-weight, and the order did not show that the salt in the car was coarse salt in bulk, yet the words "coarse salt" and a statement of the rate implied with sufficient certainty that the contents of the car was coarse salt in bulk, and that the lawful rate was 10 cents, so that the allegation, with the further averment of defendants' knowledge of the lawful rates applying to the transportation, rendered the indictment sufficiently comprehensive to state the offense of fraudulently obtaining transportation of the salt in interstate commerce at an illegal rate, in violation of Interstate Commerce Act Feb. 4, 1887, c. 104, § 10, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3160), as amended by Act June 18, 1910, c. 309, § 10, par. 3, 36 Stat. 549 (U. S. Comp. St. Supp. 1911, p. 1293).

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 96, 97; Dec. Dig. § 38.*

What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble-Robinson Commission Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

2. INDICTMENT AND INFORMATION (§ 110*)—LANGUAGE OF STATUTE—INTERSTATE COMMERCE ACT.

In a prosecution for obtaining transportation of interstate freight at an unlawful rate by misrepresentation, in violation of Interstate Commerce Act Feb. 4, 1887, c. 104, § 10, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3160), as amended by Act June 18, 1910, c. 309, § 10, par. 3, 36 Stat. 549 (U. S. Comp. St. Supp. 1911, p. 1293), it was sufficient to charge the offense in the language of the statute; the essential elements being set forth with sufficient definiteness to apprise defendants of the particular nature of the charge against them.

[Ed. Note.—For other cases see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

3. CARRIERS (§ 38*)—INTERSTATE COMMERCE—ILLEGAL RATE—INDICTMENT.

In a prosecution for fraudulently obtaining an illegal rate for the transportation of certain salt in interstate commerce, the gravamen of the offense is the misrepresentation by which the rate was obtained, and it is therefore not necessary to the validity of the indictment that the different tariffs be averred verbatim.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 96, 97; Dec. Dig. § 38.*]

4. CARRIERS (§ 38*)—INTERSTATE COMMERCE—UNLAWFUL RATE—"FALSE REPRESENTATION."

The legal tariff rate on coarse salt in bulk between Cuylerville, N. Y., and Chicago, was 10 cents, and the rate on similar salt in sacks 14 cents. Defendants, desiring to ship a car of coarse salt in sacks, loaded the car and filed with the carrier a shipping order, describing the merchandise as "coarse salt," with the words "rate 10 cents," when the true description should have been "coarse salt in sacks, rate 14 cents." Held, that if the carrier was induced to rely on such shipping order as to the character of the commodity and apply the lesser rate, and defendants intentionally concealed or suppressed the true character of the freight, such conduct constituted a false representation, for which they were subject to prosecution under Interstate Commerce Act Feb. 4, 1887, c. 104, § 10, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3160), as amended by Act June 18, 1910, c. 309, § 10, par. 3, 36 Stat. 549 (U. S. Comp. St. Supp. 1911, p. 1293), providing that, if any person obtains the transportation of goods at a less rate than the legal rate by false representations of the contents of the package, he shall be guilty of a misdemeanor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 96, 97; Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 3, pp. 2268–2270; vol. 8, p. 7661.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On demurrer to indictment against the Sterling Salt Company and others for fraudulently obtaining the shipment of certain salt at an improper rate. Overruled.

John Lord O'Brian, of Buffalo, N. Y., for the United States.

Adelbert Moot, of Buffalo, N. Y. (Samuel B. Clarke and Francis G. Caffey, both of New York City, of counsel), for defendants.

HAZEL, District Judge. The defendants, the Sterling Salt Company, a domestic corporation, James W. Brice, and William S. Doolittle, stand indicted with having jointly violated section 10 of the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 382 [U. S. Comp. St. 1901, p. 3160]) as amended (Act June 18, 1910, c. 309, § 10, 36 Stat. 549 [U. S. Comp. St. Supp. 1911, p. 1293]), in that through misrepresentation they fraudulently obtained from the Pennsylvania Railroad Company transportation from Cuylerville, N. Y., to Chicago, Ill., of coarse salt contained in sacks at the rate of 10 cents per 100 pounds, the rate for transporting such commodity published and filed at Washington being 14 cents per 100 pounds. The defendants have demurred to the indictment on various grounds: First, that as it fails to aver the legal rate for the transportation of coarse salt in bulk, all averments relating to coarse salt in bulk must be disregarded; second, that the indictment does not allege that the defendants made false representation of the contents of the sacks; third, that no averment is made of any affirmative misrepresentation of the property transported or of a misrepresentation of a tariff rate; fourth, that the tariff relating to salt should have been set out in the indictment verbatim; and, generally, that misrepresentation of a rate by a shipper is not such a false statement as to conform to the requirements of the statute.

Section 10, par. 3, of the act of February 4, 1887, as amended June 18, 1910, reads as follows:

"Any person, corporation, or company, or any agent or officer thereof, who shall deliver property for transportation to any common carrier subject to the provisions of this act, or for whom, as consignor or consignee, any such carrier shall transport property, who shall knowingly and willfully, directly or indirectly, himself or by employé, agent, officer, or otherwise, by false billing, false classification, false weighing, false representation of the contents of the package or the substance of the property, false report of weight, false statement, or by any other device or means, whether with or without the consent or connivance of the carrier, its agent, or officer, obtain or attempt to obtain transportation for such property at less than the regular rates then established and in force on the line of transportation, * * * shall be deemed guilty of fraud, which is hereby declared to be a misdemeanor, and shall, upon conviction thereof in any court of the United States of competent jurisdiction within the district in which such offense was wholly or in part committed, be subject for each offense to a fine of not exceeding five thousand dollars or imprisonment in the penitentiary for a term of not exceeding two years, or both, in the discretion of the court: Provided, that the penalty of imprisonment shall not apply to artificial persons."

[1] Count 1 of the indictment sets out the typewritten order, which describes the article transported as coarse salt, weight 63,000 pounds, and specifies the rate of freight as 10 cents. While it is true that the

indictment does not contain a specific statement to the effect that the rate of tariffs for coarse salt in bulk was 10 cents per 100 pounds, and that the shipping order does not show that the salt in the car was coarse salt in bulk, yet the description of the commodity contained in the shipping order, together with the words "coarse salt" and the statement of the rate of freight at 10 cents, is thought to imply with sufficient certainty that what the car contained was coarse salt in bulk, and that the proper and lawful rate chargeable thereon was 10 cents for each and every 100 pounds thereof. That such tariff rate of 10 cents was not the lawful rate for the specified commodity is also sufficiently set forth in the indictment, and together with the other averments, including the averment that the defendants had knowledge of the lawful rates applying to the transportation in question, made it comprehensive enough to advise the defendants of the offenses charged.

[2] In considering the objections to the indictment, we must give effect to section 1025 of the Revised Statutes,[1] which substantially provides that indictments shall not be deemed insufficient by reason of any defects in matters of form only, which do not prejudice the defendants. It was sufficient, I think, to charge the defendants with the commission of the offense, a misdemeanor, in the words of the statute; the essential elements of the offense being set forth with sufficient definiteness to apprise the defendants of the particular nature of the charge against them. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; Armour Packing Co. v. United States, 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681.

[3] A more detailed statement of the misrepresentations relied upon by the prosecution than that contained in the shipping order, together with a copy of the tariff documents, was not required. Even though it be conceded that the indictment does not in the plainest, most definite, or specific words charge the offense, it is nevertheless not bad for lack of specific averments of the facts constituting the offense. The gravamen of the indictment is misrepresentation, by which was obtained the transportation of coarse salt in car load lots at a lower rate than the lawful rate of 14 cents. It was not necessary to the validity of the indictment that the different tariff rates should be averred verbatim. The offenses charged do not reside in the tariff sheets filed with the Interstate Commerce Commission, and it will suffice to prove the established rates at the trial. The citations of authority appearing in demurrants' brief for the purpose of upholding their contention on the point do not strictly apply. True enough, as contended, the demurrer does not admit statements which are mere conclusions; but when such conclusions are accompanied by averments from which the particular nature of the charge may be clearly and definitely understood, the objection on that ground is without force and cannot be sustained. The demurrants are not entitled to be informed of all circumstances involved in the entire transaction by which they are claimed to have accomplished, through misrepresentation, their purpose of obtaining transportation at an unlawful rate. It is enough if

[1] U. S. Comp. St. 1901, p. 720.

the allegations are sufficiently definite to enable them to prepare their
defense and to advise them of the character of the charge and every
element of the offense, so that they may advert to the result of the
trial for their protection against further prosecution. United States
v. Simmons, supra; Burton v. United States, 202 U. S. 344, 372, 26
Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362.

[4] Whether the description of the salt in the shipping order merely
as "coarse salt," with the words "rate 10 cents," when the true de-
scription would have been "coarse salt in sacks, rate 14 cents," was
a false representation within the meaning of the statute, cannot be
determined as a matter of law. It is doubtless true that ordinarily a
misrepresentation must consist of an assertion or statement such as
misleads another to his injury, as distinguished from an assertion or
statement which obviously is the expression of an opinion, yet it is
well settled law that a misrepresentation by reason of which injury
results may consist of concealment of truth as well as of positive
falsification. If the defendants have intentionally concealed or sup-
pressed in their shipping order a material statement necessary to the
transportation, and if the carrier relied thereon, presuming that the
facts were not different than as stated, and acted accordingly by
charging a lower rate for transporting the commodity than it would
have charged if nothing had been concealed or suppressed in the
shipping documents, then there is thought to have been as much a
fraud or misrepresentation as if the misrepresentation had been of an
affirmative character. Knowledge by the carrier of the precise legal
rate is unimportant, if in applying the rate the information imparted
to it by the shipping order as to the character of the commodity was
relied upon.

The indictment is not defective for any of the causes assigned, and
the objections thereto are therefore overruled.