### UNITED STATES v. LUCAS et al.

(District Court, W. D. Washington, N. D. February 21, 1925.)

No. 9235.

1. **Indictment and information ☞109—That indictment is based on wrong statute is immaterial, if it constitutes offense.**

It is immaterial what statute the drawer of an indictment had in mind, if the facts alleged constitute an offense.

2. **Indictment and information ☞34(1)—Notation on margin not part of indictment.**

A notation on an indictment for convenience of reference is not part of it, and does not alter its legal effect.

3. **Neutrality laws ☞3—Indictment for attempt to export arms and munitions in violation of embargo held not to charge offense.**

Joint Resolution Jan. 31, 1922, §§ 1, 2 (Comp. St. Ann. Supp. 1923, §§ 7677, 7678), prohibiting exportation of arms or munitions to "any country in which the United States exercises extraterritorial jurisdiction" after proclamation by the President, and the President's proclamation thereunder of March 4, 1922 (42 Stat. 2264), applying the prohibition to China and declaring that "whoever exports any arms or munitions of war in violation of section 1 shall on conviction be punished," constitute a valid and effective law, but do not make an "attempt" to make such exportation an offense.

4. **Criminal law ☞304(10)—Federal courts take judicial notice of regulations of Executive Department.**

The federal courts take judicial notice of the rules and regulations prescribed by the Executive Department.

Criminal prosecution by the United States against Paul O. Lucas and Clarence Bills. On motion to quash indictment. Motion granted.

The defendants are charged with knowingly, willfully, unlawfully, and feloniously attempting to deliver for export and shipment certain arms and munitions of war, to wit, 16 Mauser pistols and 1,580 rounds of ammunition, from Seattle, Wash., etc., to the republic of China, a country to which the exportation of arms and munitions of war from the United States has been prohibited by presidential proclama-

tion, etc. On the margin of the indictment is noted: "Vio. Act of June 15, 1917, and President's Proclamation of July 9, 1917."

The defendants move to quash the indictment on the ground that the facts therein stated do not constitute an offense against the laws of the United States of America. It is urged that, since it is apparent by the notation that the indictment was drawn under the Act of June 15, 1917 (40 Stat. 217), and the President's proclamation of July 9, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7678a), that the Resolution of March 3, 1921 (Comp. St. Ann. Supp. 1923, § 3115¹⁴⁄₁₅f) expressly repeals the Act of June 15, 1917, in so far as it applies to the crime attempted to be charged, and that the Act of June 15, 1917, was impliedly repealed by its very language when the Armistice was signed November 11, 1918.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash.

Winter S. Martin, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). [1, 2] It is wholly immaterial what statute was in the mind of the United States attorney when the indictment was prepared and return made thereof by the grand jury, if the charge made is in violation of some statute. Williams v. U. S., 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509. The notations on the indictment, intended for convenience and reference, are not part of the indictment, and do not add nor take from the legal effect. U. S. v. Wm. C. Nixon et al., 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207.

[3] By resolution dated January 31, 1922 (Comp. St. Ann. Supp. 1923, §§ 7677, 7678), whenever the President finds, in any country in which the United States exercises extraterritorial jurisdiction, conditions of domestic violence exist which are or may be promoted by the use of arms or munitions of war procured from the United States, and makes proclamation thereof, it shall be unlawful to export, except under such limitations as the President may prescribe, any arms or munitions of war from any place in the United States to such country, until otherwise ordered by the President or by the Congress. Pursuant to such resolution the President, on March 4, 1922, declared that "whoever exports any arms or munitions of war in violation of section 1 [of the Joint Resolution] shall

on conviction be punished by a fine not exceeding $10,000, or by imprisonment not exceeding two years." 42 Stat. 2264.

Bouvier defines "extraterritorial" as "jurisdiction exercised by a nation in other countries by treaty, as, by the United States in China. * * *" Comp. St. §§ 7633–7635, 7638, provide that such jurisdiction be exercised by ministers and consuls of the United States to carry into effect the provisions of the treaty conferring power to arraign and try all citizens of the United States charged with offenses against the laws of China, and punishment for the same, full jurisdiction in controversies between citizens of the United States and others, and that such jurisdiction shall be exercised in conformity with the laws of the United States, which are extended over all citizens of the United States in such country.

[4] By Act June 30, 1906 (section 7688, C. S.), a United States court for China was established, and by act supra (section 7689) appeals and writs of error from the consular court to the United States Circuit Court of Appeals of the Ninth Circuit are provided for. The President had power and jurisdiction conferred by such resolution, supra, and section 7678, C. S., provides for the punishment, as stated in the proclamation. It was not necessary to set out the presidential proclamation in the indictment. The court takes judicial notice of the rules and regulations prescribed by the Executive Department. Caha v. U. S., 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415.

The further objection that the indictment merely charges an attempt, and not a consummated offense, is more serious. The act provides a penalty for any one who "exports any arms or munitions of war in violation of section 1," etc. It seems clear that this section has relation only to the consummated offense. There is no penalty for attempting to export. The "attempt" is not "itself a separate offense," and hence not within section 1035, R. S. (Comp. St. § 1701), which provides that a party charged with the commission of a crime "may be found guilty of an attempt to commit the offense so charged, provided, that such attempt be itself a separate offense."

The indictment does not charge the commission of a crime, but only an attempt to commit, which is not "itself a separate offense." The motion to quash is granted.