UNITED STATES v. ALTMAN et al.

District Court, W. D. New York.
Nov. 12, 1934.

Richard H. Templeton, U. S. Atty., by Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y.

James O. Moore, of Buffalo, N. Y., for defendants.

Dwight H. Williams, of Washington, D. C., for Interstate Commerce Commission.

KNIGHT, District Judge.

Defendants have demurred to the indictment herein "upon the ground that said indictment does not state facts sufficient to constitute the crime of soliciting rebates and concessions in violation of title 49, § 41, USCA (Elkins Act [section 1, as amended by Hepburn Act, § 2])." Demurrers upon the same ground have been filed in several other proceedings. All of such indictments are identical, except as to immaterial matters. The indictments clearly are brought under section 41, tit. 49 USCA. Their sufficiency under comparable allegations has been sustained in numerous cases. Chicago, St. P., M. & O. Ry. Co. et al. v. United States (C. C. A.) 162 F. 835; Armour Packing Co. v. United States (C. C. A.) 153 F. 1, 16, 14 L. R. A. (N. S.) 400, affirmed 209 U. S. 56, 28 S. Ct. 428, 437, 52 L. Ed. 681. The real objections to the sufficiency of the indictments do not appear from the language of the demurrers. Such objections should have been more specifically stated. Since the defendants have not specified the particular objections relied upon, resort may be had to the brief of counsel to ascertain these. No claim is there made that the facts alleged do not constitute a crime under section 41, tit. 49 USCA. Indeed, it is stated that "the offense of violating the provisions of section 41 of title 49 USCA is fully and adequately stated in the indictment." The real objection is found in this statement in the brief: "It is, therefore, respectfully submitted that defendants must be indicted and prosecuted, if at all, under and pursuant to section 10, subdivision 3 of the Interstate Commerce Act [as amended (49 USCA § 10, subd. 3)]." The real objections should have been set forth in the demurrer. Disregarding this, however, the objections are without merit.

The theory of the defendants is that section 41, tit. 49 USCA, is a general statute dealing with all devices by means of which a rebate is solicited or obtained, while section 10 of the Interstate Commerce Act, as amended (49 USCA § 10), is a specific statute dealing with certain defined methods of obtaining rebates included within which is that of obtaining a rebate by means of a "false claim," and that since the indictments in question specify this type of a device, that is by a "false claim," the special statute (section 10) governs, and, therefore, the indictments should have been brought under section 10 of the Interstate Commerce Act.

Section 10 was first enacted in 1887 (49 USCA § 10 note) and last re-enacted, with certain amendments, to read as it does in its present form, in 1910 (49 USCA § 10 and note). Section 41 (Elkins Act § 1) was first

enacted in 1903 and amended in 1906 by the Hepburn Act (section 2). Under section 10 the gist of the offense is the fraud of obtaining transportation at a rate less than the established rate, by false billing or other devices. In section 10 the particular devices by means of which the rebate is obtained and which, as the statute declares, constitutes a fraud, are specified. Under section 41 (Elkins Act) the gist of the offense is not the device, but the solicitation or receipt of the concession, and fraud is not a necessary element of the offense set forth in this section. This viewpoint has been thoroughly discussed and interpreted in Armour Packing Company v. United States, supra. It was there said:

"The gist of the shipper's offense under paragraph 3 of section 10, as amended by the act of 1889 (25 Stat. 858, c. 382 [U. S. Comp. St. 1901, p. 3160 (49 USCA § 10 note)]), is the fraud of obtaining transportation at a rate less than the established rate 'by false billing, false classification, false weighing, false representation of the contents of the package or false report of weight or by any other device.' * * * Obtaining transportation at a rate less than the regular published rate, without committing any fraud or making any false representation to secure it, is not unlawful under this act of 1889. And an averment of the fraudulent device by which the transportation is secured is indispensable to an indictment founded upon that act, because the fraudulent device is the substance of the offense. U. S. v. Hanley (D. C.) 71 F. 672, 676.

"But it is not so with the offense of the shipper denounced by the Elkins act upon which this indictment is based. That act did not repeal, modify, or amend the provision of the act of 1889, which made the obtaining of transportation at a less rate by a fraudulent device a crime. But it created a new offense, the acceptance or receipt of a concession whereby any property in interstate or foreign commerce should be transported by any device whatever at less than the regular filed and published rate. The substance of this offense is not the device, but the solicitation or receipt of the concession and the transportation thereby effected. It may be committed whether the concession is induced by a fraudulent or an honest device, by a shrewd or a simple one, by a secret or an open one."

United States v. Lehigh Valley Railroad Company et al. (D. C.) 43 F.(2d) 135, construed the same sections in accord with the opinion in Armour Packing Company v. United States. The Supreme Court in its opinion affirming Armour Packing Company v. United States, supra, said: "The stipulated facts show that the shippers had knowledge of the rates published, and shipped the goods under a contention of their legal right so to do. This was all the knowledge or guilty intent that the act required."

█ The purpose of the so-called "Elkins Act" was "to cut up by the roots every form of discrimination, favoritism and inequality," United States v. P. Koenig Coal Co., 270 U. S. 512, 46 S. Ct. 392, 395, 70 L. Ed. 709, and "to prohibit all rebates, concessions, or discrimination with respect to railroad transportation service * * *," Spencer Kellogg & Sons, Inc., v. United States (C. C. A.) 20 F.(2d) 459, 461. These and many cases uphold the sufficiency of indictments under the so-called "Elkins Act" which charge any conceivable kind of a device, fraudulent or otherwise, direct or indirect. While the indictments here allege that the defendants "well knowing the premises aforesaid, unlawfully did knowingly, *by means of a device*, to wit, a *false claim for loss and damage to said property*, solicit, * * * a rebate and concession * * *, whereby said property was transported * * * at a less rate and charge than that named and provided in the schedules and tariffs of said common carriers published and filed as aforesaid," the allegation specifying the particular device is mere surplusage. In the Armour Case in the Circuit Court it was said: "The device whereby the receipt and transportation are obtained is not an essential element of the crime, and it is unnecessary to plead it in the indictment." The court was referring to section 41 (Elkins Act). Other cases hereinbefore cited and many others are to the same effect as regards the sufficiency of the allegation in the indictment in respect to the particular device employed. Grand Rapids & I. Ry. Co. v. United States (C. C. A.) 212 F. 577; United States v. Sterling Salt Co. et al. (D. C.) 200 F. 593. Section 556, tit. 18 USCA, provides that no indictment shall be deemed insufficient for mere technical errors or omissions which do not tend to prejudice the rights of the defendant. The allegations in an indictment constituting mere surplusage come within the provisions of this section. United States v. Sugar (C. C. A.) 252 F. 79; Bailey v. United States (C. C. A.) 5 F.(2d) 437. The particular device having been alleged, the proof, of course, is limited to it.

█ The fact that this particular device is specifically named in section 10, subd. 3, of the Interstate Commerce Act as amended

(49 USCA § 10, subd. 3), does not preclude indictment and trial under section 41, tit. 49 USCA (Elkins Act), for use of this same device. The canon of construction "generalia specialibus non derogant," invoked by the defendants, is not applicable here, because the two statutes are not in pari materia. The elements of the indictments are not identical nor is the proof necessary to support the one identical with that necessary to support the other. Upon indictment under the Elkins Act, proof of fraudulent intent is not necessary. Under the Interstate Commerce Act such proof is necessary. As was said in Armour Packing Company v. United States, supra: "An averment [under paragraph 3 of section 10, Interstate Commerce Act] of the fraudulent device by which the transportation is secured is indispensable to an indictment founded upon that act, because the fraudulent device is the substance of the offense. * * * But it is not so with the offense of the shipper denounced by the Elkins act upon which this indictment is based. * * *, But it created a new offense, the acceptance or receipt of a concession. * * *" The distinction here is that both offenses are not identical for the reasons just stated.

■ It is not an unusual situation under the criminal statute of the United States that two statutes cover the same subject, and it has repeatedly been held that prosecution may be instituted and sustained under both statutes. Certainly if prosecution under both is permitted, the government is not precluded from proceeding under but one.

In Nichols & Cox Lumber Co. v. United States (C. C. A.) 212 F. 588, 590, the shipper was indicted and convicted under the Elkins Act for soliciting and receiving rebates. It was there claimed that the provisions of this statute had been repealed by subsequent legislation and that this had resulted from a conflict between section 10 of the original act to regulate commerce as amended June 18, 1910 (49 USCA § 10 and note), and section 1 of the Elkins Act as amended (49 USCA § 41). The court there said: "The theory is that this conflict is such as to work an implied repeal; but the settled rule that repeals by implication are not favored is admitted. The principle sought to be applied is that the later act embraces the whole subject, and so supplants the earlier act. This does not, however, avoid the rule concerning repeals by implication; for, as Mr. Justice Harlan said in Frost v. Wenie, 157 U. S. 46, 58, 15 S. Ct. 532, 537, 39 L. Ed. 614: 'Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both.'" While this decision refers to that part of section 10, subd. 3, relating to "false billing," it is apparent that it must be equally applicable to false claims. United States v. Metropolitan Lumber Co. (D. C.) 254 F. 335, United States v. Lehigh Valley R. Co. et al., supra, Silverman v. United States (C. C. A.) 59 F.(2d) 636, are directly in point.

An analogous situation arose in Goode v. United States, 159 U. S. 668, 16 S. Ct. 136, 40 L. Ed. 297. Defendant, a postal employee, was charged and convicted both under sections 194 and 195 of the Criminal Code (18 USCA §§ 317, 318) with stealing from the mails. Section 195 specifically makes it an offense for an employee of the postal service to steal from the mails, while section 194 of the Code makes it an offense for any person to steal from the mails. The Supreme Court sustained the judgment of conviction on both counts. In United States v. Miro (C. C. A.) 60 F.(2d) 58, 60, defendant was convicted under section 146 (a, b) of the Revenue Act of 1928 (26 USCA § 2146 (a, b). The former section makes the willful failure to pay a tax required by law to be paid a misdemeanor; the latter section provides that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall * * * be guilty of a felony." The basis of the charges under both counts in the Miro Case was the "failure to file a return and pay the tax." The language of the court is specially pertinent here: "Moreover, by the words 'in any manner' in section 146 (b), Congress indicates an intention to cover all possible methods of evasion. * * * There is no difficulty in punishing a guilty person for willful failure to file a tax return as a misdemeanor and punishing him for an attempt to evade the tax in that he failed to file the same return and pay the tax. The test of identity of offenses is well established, and the rule is that offenses are distinct in law whenever conviction of one requires proof of a fact not essential to a conviction under the minimum statutory requirements of the other." In the instant case the government proceeded under one statute. It is conceded that both sections are still in force and define separate and distinct crimes. If prosecution is permissible under both statutes, it is certainly permissible under one.

■ Defendants' chief reliance seems to be on Snitkin v. United States, 265 F. 489, 496 (C. C. A. 7th Circuit). The facts and the law in the case are easily distinguishable from the instant cases. There an appeal had been taken from a judgment of conviction on two counts. Both charged conspiracy, one under the general section relating to violation to a certain section of the selective draft act, and the other charging conspiracy under the Espionage Act (40 Stat. 217). The court reversed because of prejudicial errors committed by the District Judge in his charge to the jury. The question of whether a new trial should be had on both counts was also considered. In this connection the court said: "We think it is indisputable that there is but one offense involved, and that Snitkin cannot properly be subjected to a judgment and punishment for two crimes." Here, however, the distinguishing feature is that as a matter of law the court concluded the offenses were in pari materia. In the instant case such is not the fact. In the opinion in the Circuit Court we also find this pertinent language: "Statutes are not in pari materia unless they are identical in title and in terms," and, "If the two indictments * * * are identical, element for element, in necessary allegation and proof, then the two charges are but for one offense." While fraud may be alleged and proved under section 41, it is not a necessary element to be alleged or proven under it. The canon of construction mentioned by counsel discussed in the Snitkin Case only has application where there is a question of inconsistency or implied repeal as between two statutes dealing with the same question.

■■ As a matter of fact, under reason and authority, the indictment should be sustained as properly alleging an offense under section 10 of the Interstate Commerce Act. Counsel calls attention to the indorsement on the indictments, "For soliciting etc. rebates etc. in violation of title 49, § 41, USCA (Elkins Act)." This is wholly immaterial if the charges are embraced by some statute in force, Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509 and the question of what statute under which the indictment is found is to be determined as a matter of law from the facts charged, United States v. Nixon, 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207.

■ Counsel concedes that if the offenses had been charged in the order of the statute, that is, "wilfully," it would have been sufficient under section 10 of the Interstate Commerce Act. The indictments charged in part that these defendants "well knowing the premises aforesaid, *unlawfully* did *knowingly*" act. This amounts to an allegation of unlawful intent. Knowledge was not an element under the Elkins Act prior to the amendment of 1906. It was made an element by such amendment. Even though the word "willful" is omitted in the indictments, allegations of unlawful intent are sufficient. As was said in Howenstine v. United States (C. C. A.) 263 F. 1, 4: "It is also generally held that words which import an exercise of the will, such as 'feloniously' and 'unlawfully,' will supply the place of the word 'willfully.'" To the same effect are Rumely v. United States (C. C. A. 2d) 293 F. 547; Nickell v. United States (C. C. A.) 161 F. 705. Whether or not these indictments are sufficient as alleging a crime under section 10 of the Interstate Commerce Act is not important in view of the finding of the court that these indictments are sustainable as charging crimes under section 41, tit. 49 USCA.

The demurrers are overruled.