## UNITED STATES ex rel. KUTLER v. HILL, Warden.

### No. 98.

District Court, M. D. Pennsylvania.

Nov. 24, 1937.

A. S. Ashbridge, Jr., of Philadelphia, Pa., and John Memolo, of Scranton, Pa., for petitioner.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by an inmate of the United States Northeastern Penitentiary at Lewisburg, Pa.

The petitioner entered a plea of nolo contendere to an indictment in four counts. A general sentence of three years' imprisonment was imposed. The petitioner contends that all the counts of the indictment charge but a single offense of conspiracy and that the offense charged in each count would be proved by the same evidence; that, since the maximum sentence for conspiracy is two years, and since only one offense is charged, the sentence of three years is void.

The trial court had jurisdiction of the subject matter and the person of the defendant. Even assuming that the offenses charged in each of the four counts of the indictment were the same, the court had jurisdiction to impose the sentence, and the petitioner's remedy is appeal and not habeas corpus. This has been determined by the Circuit Court of Appeals for the Third Circuit in United States ex rel. Poch v. Hill, 71 F.2d 906, 907, where the court said:

"We shall assume the sentences under two counts were inadvertently and improperly imposed in that the offenses there charged were the same charged in two other counts. Clearly, each offense, no matter how often pleaded, is susceptible of but one punishment. 8 R.C.L. 233. The question is, what was the relator's remedy? Obviously it was by appeal, not to show that the court was 'without juris-

diction' to impose sentences on the two counts complained of but to show that, acting within its jurisdiction, the court erred in imposing the sentences.

"Plainly the trial court had jurisdiction to impose the sentences, for it had jurisdiction of the subject matter and of the defendant's person. In such case correction by a writ of habeas corpus cannot be made, 12 R.C.L. 1192, 1193, 1194, for that would be nothing more than an attempt to cause a writ of habeas corpus to perform the function of an appeal. 12 R.C.L. 1196, 1197, 1207, 1208." See, also, Watkins v. Zerbst, Warden (C.C.A.) 85 F.2d 999.

It cannot be said, from the indictment, that the same offense was charged in different forms in the several counts. See Watkins v. Zerbst, Warden, supra. The first count of the indictment charged that in "May of 1932, and divers dates theretofore and thereafter * * * the said Benjamin Kutler * * * did conspire * * * to * * * conceal * * * merchandise, goods and wares * * * to the value of $80,000.00. * * *" The second count charges that "during the months of May, 1932, up to and including December, 1932 * * * Benjamin Kutler * * * did * * * conceal * * * certain property * * * to the value of $80,000.00." The third count charges that "during the months of May, 1932, up to and including December, 1932 * * * Benjamin Kutler * * * did * * * agree * * * to conceal cash to the amount of $38,000.00 and upwards. * * *" The fourth count charges that "during the months of May, 1932, up to and including December, 1932 * * * Benjamin Kutler * * * did * * * conceal * * * cash to the amount of $38,000.00. * * *" It thus appears that four offenses were charged: A conspiracy to conceal goods valued at $80,000; the substantive offense of concealment of the said goods; a conspiracy to conceal $38,000 in cash; and the substantive offense of concealment of the said cash. As was said in Jackson v. United States (C.C.A.3rd) 72 F.2d 764, 766:

"Defendant says that, even if the first and second counts in the indictment 'do properly set forth a federal offense, only one sentence would properly lie thereon because both charge embezzlement of money from the Winner-Franck Estate which he is alleged to have held "as custodian," ' that both counts contain the same allegations as to the date and place of the crimes alleged, and that he was alleged to be attorney for the trustee in both.

"This is true, but in both counts the date of the commission of the crime is alleged to be some time between July 1, 1931, and March 13, 1933, but 'the exact date being to the Grand Jurors unknown.' That does not mean that the crimes set forth in the two counts were committed on the same date and on the same identical spot; or that they were the same crimes, for the amount charged in the first count to have been embezzled was $48,067.74 and in the second count, $41,669.06.

"Consequently, different crimes, separate and distinct, are charged in each count, and therefore a sentence on each count was legally imposed."

The maximum sentence for conspiracy is two years, and the maximum sentence for concealment is five years. The general sentence of three years imposed upon petitioner did not exceed the aggregate of punishment which could have been imposed upon the several counts. Such general or gross sentences are valid. Jones v. Hill, Warden (C.C.A.3rd) 71 F.2d 932.

The endorsement on the back of the indictment in reference to the statute violated or to the crime committed is merely for convenience or reference. It constitutes no part of the indictment and does not add to or weaken the legal force of its averments. Capone v. United States (C.C.A.) 51 F.2d 609, 76 A.L.R. 1534; United States v. Lucas (D.C.) 6 F.2d 327; United States v. Altman (D.C.) 8 F.Supp. 880.

And now, November 24, 1937, the petition for a writ of habeas corpus is dismissed and the writ of habeas corpus is discharged.